IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN (PRO SE), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-280 |
| | ) |
| THE DOW CHEMICAL COMPANY, | ) <u>Trial By Jury Demanded</u> |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT UNDER
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.  Admitted that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended. By way of further answer, it is denied that Defendant, The Dow Chemical Company ("Dow"), is a proper party to this action, that this Court has jurisdiction over Dow in this matter, and that Plaintiff was an employee of Dow.

2.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

3.  Admitted.

4.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation, it is therefore denied. By way of further answer, Plaintiff was never employed by Defendant at any time.

5.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation, it is therefore denied. By way of further answer, Plaintiff was never employed by Defendant at any time.

6. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation. By way of further answer, Plaintiff was never employed by Defendant at any time.

7. Admitted that Plaintiff filed charges of discrimination with the Delaware Department of Labor at the address set forth in this paragraph of the Complaint. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, which are therefore denied. By way of further answer, it is denied that Plaintiff was employed by The Dow Chemical Company at any time and/or that she suffered discrimination, harassment, or retaliation by any employee of The Dow Chemical Company in the years 2001 and 2002, or any time.

8. Admitted that Plaintiff filed charges of discrimination with the Equal Opportunity Commission at the address set forth in this paragraph of the Complaint. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, which are therefore denied. By way of further answer, it is denied that Plaintiff was employed by The Dow Chemical Company at any time and/or that she suffered discrimination, harassment, or retaliation by any employee of The Dow Chemical Company in the years 2001 and 2002, or any time.

9. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

10. Denied that Plaintiff was employed by Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore, denies all such allegations in their entirety.

11. Denied that Defendant engaged in employment discrimination with respect to Plaintiff. By way of further answer, it is denied that Plaintiff was at any time an employee of The Dow Chemical Company and/or that any employee of The Dow Chemical Company discriminated against, harassed, or retaliated against Plaintiff based on her sex or otherwise.

12. Admitted that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Denied that Plaintiff was at any time an employee of The Dow Chemical Company and/or that any employee of The Dow Chemical Company discriminated against, harassed, or retaliated against Plaintiff on any basis.

13. Denied.

14. Denied.

### FIRST AFFIRMATIVE DEFENSE

15. Plaintiff was never employed by The Dow Chemical Company nor did any employee of The Dow Chemical Company engage in employment discrimination, harassment, or retaliation against her at any time.

### SECOND AFFIRMATIVE DEFENSE

16. Plaintiff's claims fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## FOURTH AFFIRMATIVE DEFENSE

18.     Any damages sustained by Plaintiff were caused or contributed to by Plaintiff's own actions or the actions of others over whom Defendant had no control.

WHEREFORE, Defendant, The Dow Chemical Company, hereby respectfully requests that this action be dismissed with prejudice, and that attorney's fees and costs be assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby
_____
Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated: May 26, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2005, I electronically filed a true and correct copy of the foregoing Answer to Complaint Under Title VII of the Civil Rights Act of 1964 with the Clerk of the Court using CM/ECF. A copy of such Answer to Complaint Under Title VII of the Civil Rights Act of 1964 was mailed, First Class Mail, postage prepaid to the following person:

        Debra-Ann Wellman
        P.O. Box 4395
        Greenville, DE 19807

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        _/s/_____
        Barry M. Willoughby (ID 1016)
        Teresa A. Cheek, Esquire (ID 2657)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, DE 19899-0391
        Telephone: (302) 571-6676
        Facsimile: (302) 576-3345
        Email: tcheek@ycst.com
        Attorneys for Defendant

Dated: May 26, 2005