IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-280-SLR |
| | ) |
| THE DOW CHEMICAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged by **March 13, 2006**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects, based on facts and circumstances developed during discovery:

    (i) Plaintiff's Statement.

    (A) Sexual harassment;

    (B) Physical intimidation;

    (C) Hostile work environment;

    (D) Gender discrimination;

    (E) Psychological damages;

    (F) Loss of earning capacity;

1

(G) Loss of employee benefits to include pension, health care, disability, life insurance, and further as awarded, attorneys fees, costs and interest on delayed payments;

(H) Failure of employer to provide on-site sexual/hostile work environment/gender discrimination issue resolution program per <u>Suders v. Pennsylvania State Police</u> guidelines.

(I) Management complicity in all phases of Title VII violations;

(J) Defamation of Character.

    (ii) Defendants' Statement.

(A) Facts and circumstances surrounding Plaintiff's hiring, performance, position, responsibilities, and termination;

(B) Facts and circumstances surrounding Plaintiff's sexual harassment claims, including her knowledge of Defendant's sexual harassment policies;

(C) Facts and circumstances surrounding Plaintiff's job performance, management techniques and knowledge of discipline policies and procedures;

(D) Facts and circumstances surrounding all employee assistance program ("EAP") referrals and related matters involving the Plaintiff;

(E) Facts and circumstances surrounding Defendant's response to Plaintiff's workplace complaints;

(F) Facts and circumstance surrounding Plaintiff's alleged damages and failure to mitigate her damages;

    (G) Facts and circumstances showing Defendants made a good faith effort to comply with applicable law, acted lawfully, and with legitimate, non-discriminatory business reasons that were not a pretext for discrimination;

    (H) Facts and circumstances surrounding all disciplinary action taken against, or reprimands given to the Plaintiff;

    (I) Facts and circumstances concerning Plaintiff's educational and employment background;

    (J) Facts and circumstances surrounding the allegations in the Complaint, Answer, and Affirmative Defenses, filed in this action; and

    (K) All subjects listed in Plaintiff's Statement above.

  (b) All discovery shall be commenced in time to be completed by September 30, 2006.

  (c) Maximum of 25 interrogatories by each party to any other party.

  (d) Maximum of 25 requests for admission by each party to any other party.

  (e) Maximum of 5 depositions by plaintiff and 5 by defendant.

  (f) Each deposition, limited to a maximum of **7 hours** unless extended by agreement of parties, except that each party shall designate one witness who ma be deposited for a maximum of **14 hours.**

  (g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **June 30, 2006.** Rebuttal expert reports by **July 31, 2006.**

  (h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve through a

telephone conference, disputes that arise during the course of a deposition and disputes =related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motion to join other parties, amend the pleadings, and certify a class action shall be filed on or before **February 28, 2006**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of alternative dispute resolution (ADR).

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before October 31, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to Chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.** Defendant Dow Chemical Company will file a Motion to Dismiss on or before March 15, 2006. Briefs shall be filed in accordance with the Local Rules.

7. **Motions in Limine.** All motions in limine shall be filed on or before _____. All responses to said motions shall be filed on or before _____.

8. **Pretrial Conference.** A pretrial conference will be held on _____, 2006 at __:_0_ _.m in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington,

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a **four-day jury** trial commencing on _____, **2006** in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Judge Sue L. Robinson