IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBRA-ANN WELLMAN,                     )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )    Civil Action No. 05-280-SLR
                                       )
THE DOW CHEMICAL COMPANY,              )
                                       )
        Defendant.                     )
                                       )

**DEFENDANT'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**


YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (Bar I.D. 1016)
Teresa A. Cheek, Esquire (Bar I.D. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Attorneys for Defendant, The Dow Chemical Company


Date: April 5, 2006

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING ...................................................................... 1

SUMMARY OF ARGUMENT .............................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT .................................................................................................................... 4

    I.    STANDARD OF REVIEW ........................................................................................ 4

    II.    ONLY DDE, PLAINTIFF'S EMPLOYER, CAN BE HELD LIABLE FOR ALLEGED ACTS OF DISCRIMINATION UNDER TITLE VII OR THE ADA. ................................................................................................ 4

    III.    UNDER THE DELAWARE LIMITED LIABILITY ACT, DOW IS NOT RESPONSIBLE FOR DDE'S LIABILITIES ................................................................ 5

    IV.    ABSENT EXTRAORDINARY CIRCUMSTANCES NOT PRESENT HERE, A PARENT IS NOT LIABLE FOR THE EMPLOYMENT DECISIONS OF A SUBSIDIARY ................................................................ 6

CONCLUSION .................................................................................................................. 10

DB01:1992550.1

051952.1010

# TABLE OF AUTHORITIES

Page

**Cases**

*Bennett v. Piccari Press, Inc.,*
  95 Fair Empl. Prac. Cas. (BNA) 615 (E.D. Pa. 2005) ............................................................... 8

*Conley v. Gibson,*
  355 U.S. 41 (1957)............................................................................................................... 4

*Dole Food Co. v. Patrickson,*
  539 U.S. 468 (2003)............................................................................................................ 6

*Elf Atochem North America v. Jaffari and Malek, LLC,*
  727 A.2d 286 (1999)........................................................................................................... 6

*Flight Sys., Inc. v. Electronic Data Sys.,*
  112 F.3d 124 (3d Cir. 1997)................................................................................................ 4

*Foxworth v. Pennsylvania State Police,*
  2005 U.S. Dist. LEXIS 6169 (E.D. Pa. No. 03-CV-6795, April 11, 2005)................................. 5

*Great Lakes Chem. Corp. v. Monsanto,*
  96 F. Supp. 376 (D. Del. 2000)........................................................................................... 6

*Jackson v. National Football League,*
  No. 92 Civ. 7012 (RPP), 1994 U.S. Dist. LEXIS 8303 (S.D.N.Y. 1994) ................................ 8

*Johnson v. Flowers Industries,*
  814 F.2d 978 (4th Cir. 1987) ......................................................................................... 1, 7

*Marzano v. Computer Science Corp.,*
  91 F. 3d 497 (3d Cir. 1996)....................................................................................... 1, 6, 7, 9

*Morse v. Lower Merion Sch. Dist.,*
  132 F. 3d 902 (3d Cir. 1997)............................................................................................. 4, 5

*Orova v. Northwest Airlines, Inc.,*
  No. 03-4296, 2005 U.S. Dist. LEXIS 1822 (E.D. Pa. Feb. 2, 2005) ....................................... 6

*Pauley Petroleum, Inc. v. Continental Oil Co.,*
  239 A.2d 629 (Del. 1968) .................................................................................................. 7

ii

*Schanzer v. Rutgers University*,
   934 F. Supp. 669 (D.N.J. 1996) ............................................................................ 5

*Sheridan v. Dupont*,
   100 F.3d 1061 (3d Cir. 1996) ............................................................................... 5

*Thomas v. Hobbs*,
   No. 04C-02-010 RFS, 2005 Del. Super. Lexis 164 (April 27, 2005) ..................... 7

*United Telegraph Workers v. NLRB*,
   571 F.2d 665 (D.C. Cir. 1978) .............................................................................. 6

*Ziegler v. Delaware County Daily Times*,
   128 F. Supp. 2d 790 (E.D. Pa. 2001) .................................................................... 8

## Other Authorities

29 CFR § 1604 11(c) ..................................................................................................... 5

6 *Del. C.* § 18-101 ...................................................................................................... 5

6 *Del. C.* § 18-201(b) .............................................................................................. 5, 6

6 *Del. C.* § 18-303 .................................................................................................. 1, 6

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 4

Title VII of the Civil Rights Act of 1964,
   42 U.S.C. § 2000e-5 ........................................................................................... 4, 5

iii

## NATURE AND STAGE OF THE PROCEEDING

On May 9, 2005, Plaintiff Debra-Ann Wellman, ("Plaintiff" or "Wellman"), a former

employee of DuPont Dow Elastomers, LLC ("DDE") filed a *pro se* complaint ("the Complaint")

in this Court against The Dow Chemical Company ("Dow"). The Complaint alleges that Dow

discriminated against, retaliated against, and harassed plaintiff because of her sex and disability.

Wellman relies on the charge of discrimination she filed with the Equal Employment

Opportunity Commission against Dow as the "statement of the facts of plaintiff's claim." (A3)

The charge consists of six single-spaced pages in which Plaintiff asserts allegations of retaliation,

sexual harassment, and disability discrimination. (A4-9)

On March 15, 2006, Dow filed a motion to dismiss the complaint. This is Dow's opening

brief in support of its motion to dismiss.

## SUMMARY OF ARGUMENT

The Court should grant Dow's motion to dismiss Plaintiff's complaint because Plaintiff

has never been a Dow employee. Plaintiff's Complaint and her charge of discrimination with the

EEOC allege that she was a DDE employee. DDE was a joint venture formed by E.I. DuPont de

Nemours & Company, Inc. ("DuPont") and Dow that began operations on April 1, 1996. Under

the Delaware limited liability statute, a limited liability company is a separate legal entity that is

responsible for its own liabilities "whether in tort, contract or otherwise." 6 *Del. C.* § 18-303.

Under the federal employment discrimination laws, absent extraordinary circumstances,

an employee may not pierce the corporate veil to hold a parent company responsible for the

employment decisions of the subsidiary. *Marzano v. Computer Science Corp.*, 91 F. 3d 497 (3d

Cir. 1996); *Johnson v. Flowers Industries*, 814 F.2d 978, 981 (4th Cir. 1987). There is no legal or

factual basis for piercing the corporate veil separating Dow from DDE or for a finding that Dow

was a joint employer with or alter ego of DDE. Indeed, the N.L.R.B. has found in connection

with a union challenge that DDE was a separate entity because, among other things, it had its

own separate workforce, payroll, pension, human resources department, offices, facilities, and

products. See *DuPont Dow Elastomers, LLC,* 332 N.L.R.B. 1071 (2000). Plaintiff's Complaint

against Dow should therefore be dismissed.

## STATEMENT OF FACTS

Dow is located in Midland, Michigan. Plaintiff does not allege that she ever worked for

Dow. Rather, she claims that she was first employed by DuPont and that she later joined DDE.

(A4) Her charge of discrimination filed with the EEOC affirmatively states:

> I have been employed by the DuPont Company since 1986 as an Administrative
> Assistant. In or around 1996, Dow Chemical Company and DuPont Company
> established a Joint Venture called DuPont Dow Elastomers – Joint Venture...I
> began working for the Joint Venture. [in 1996]. . .[1] (A4)

Although Plaintiff correctly notes that she began working for DDE when the company

was formed on April 1, 1996, her EEOC charge refers to certain individuals with whom she

worked as "Dow" employees, apparently because these individuals were former Dow employees

who joined DDE after its formation. (A4) When DDE was formed in 1996, it had its own

payroll, employees, and Human Resources Department. (A15) It was responsible for its own

labor and employment administration. (A15) DDE had its own separate offices and

manufacturing facilities, and it manufactured different products from those of either parent

corporation. (A15) Further, when they were hired by DDE, employees of Dow or DuPont were

---

[1] Plaintiff has also filed suit against DDE and DuPont. See *Wellman v. DuPont Dow Elastomers*, Civ. A. No. 05-278 and *Wellman v. DuPont*, Civ.A. No. 05-279. The present Motion addresses only Plaintiff's claims against Dow.

required to resign or retire from employment with their parent companies. (A15) Wellman's

supervisors at DDE, Paul Graves and Stephen Metaxas, were employed by DDE at all times

relevant to her Complaint.  (A15-16)

The question of DDE's separate status for labor law purposes was addressed in a

proceeding before the National Labor Relations Board, *DuPont Dow Elastomers, L.L.C.*, 332

N.L.R.B. 1071 (2000), shortly after the company was formed. In that case, two labor unions

contended that DDE was the "alter ego" of DuPont. A NLRB Administrative Law Judge

conducted a two-week trial on this and other issues, and made the following detailed factual

findings regarding DDE and its relationships with its parent companies, Dow and DuPont,

conclusively establishing DDE's separate status from its parent companies:

> DDE is a joint venture formed by two of the world's largest chemical companies,
> the Dow Chemical Company and Dupont. The venture was formed, on a global
> scale, to produce and market elastomer (synthetic rubber) products, bringing
> together, essentially, DuPont's established position as a manufacturer of
> elastomers, including its production facilities and highly trained work forces, and
> Dow's patented "Insite" technology.
>
> In January, 1995, Dupont and Dow announced that they had signed a letter of
> intent to form DDE. There ensued, over the next 15 months, a complicated
> process of valuation, negotiation, formation and asset designation leading to the
> April 1, 1996, start-up of the venture, a limited liability company under Delaware
> law, with $1 billion in assets and facilities located throughout the world. . . .n3
>
> > n3 Accordingly, concurrent with venture start-up, the parents left
> > this business and neither produces or sells the type products
> > manufactured and marketed by DDE.
>
> At formation, 95 per cent of the DDE rank-and-file workers were from Dupont,
> and some 5 per cent were from Dow. Those who became DDE employees were
> required to sever their relationship with the parent, that is, to resign or retire,
> "with no strings back." Resigning employees had their pension benefits
> transferred to the venture. . . .

3

*Id.* at 1079-1081. The Administrative Law Judge concluded that DDE was a separate entity from its parents and not an alter ego of DuPont. *Id.* at 1084. This is of particular significance because the test for joint employer status under Title VII is based on NLRB jurisprudence.

**ARGUMENT**

**I.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that the legal sufficiency of a complaint may be challenged by demonstrating the complaint's failure to state a claim upon which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). It is, of course, well established that when considering a motion to dismiss, the court "accepts as true all of the allegations in the complaint," *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997). A court should not, however, consider or regard as true "conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences." *Morse*, 132 F.3d at 906. Dismissal is also warranted where affirmative defenses pose "insuperable barrier[s]" precluding recovery. *Flight Sys., Inc. v. Electronic Data Sys.*, 112 F.3d 124, 127-28 (3d Cir. 1997).

**II.    ONLY DDE, PLAINTIFF'S EMPLOYER, CAN BE HELD LIABLE FOR ALLEGED ACTS OF DISCRIMINATION UNDER TITLE VII OR THE ADA.**

Plaintiff has asserted claims against Dow under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"), and Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended. (A1) Although she does not identify a legal theory for suing Dow, she appears to rest on the references in her charge to certain individuals who allegedly harassed her as being "Dow employees." Her reference to these individuals as "Dow employees" is incorrect

4

and conclusory.[2] It should be disregarded. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Further, even if any of the individuals she identifies as alleged harassers had been a "Dow employee at the time of the alleged harassment," and none were, only Plaintiff's employer, DDE, is liable under Title VII or the ADA for the alleged acts of discrimination. *Schanzer v. Rutgers University*, 934 F. Supp. 669, 678 n.12 (D.N.J. 1996); *Foxworth v. Pennsylvania State Police*, 2005 U.S. Dist. LEXIS 6169 (E.D. Pa. No. 03-CV-6795, April 11, 2005). Unless Plaintiff can establish that she was employed by Dow, rather than DDE, or establish some other legal basis for piercing DDE's corporate veil to hold Dow liable, her complaint against Dow must be dismissed.[3]

Because Plaintiff was not a Dow employee, Plaintiff must establish a basis for piercing the corporate veil between Dow and DDE to hold Dow liable as her employer so that DDE and Dow are deemed to be a single employer for Title VII or ADA purposes. For the reasons set forth below, under Delaware law and applicable federal employment law principles, there is no basis for piercing the veil and holding Dow liable for actions by DDE employees.

## III.    UNDER THE DELAWARE LIMITED LIABILITY ACT, DOW IS NOT RESPONSIBLE FOR DDE'S LIABILITIES.

Plaintiff appears to believe that Dow is liable for the acts of DDE because Dow is the parent of DDE, a limited liability company owned in part by Dow. DDE was formed under the Delaware Limited Liability Company Act, 6 *Del. C.* § 18-101 *et. seq.* Section § 18-201(b) of the

---

[2] Her suggestion that these individuals were Dow employees is apparently based on the fact that they were Dow employees before joining the joint venture.

[3] Although an employer may be held liable for alleged harassment by non-employees in some cases, see 29 CFR § 1604 11(c), Title VII does not create a claim against the individual harassers. *Sheridan v. Dupont*, 100 F.3d 1061, 1078 (3d Cir. 1996). In other words, under Title VII, the cause of action is only against the alleged victim's employer.

5

DB01.1992550.1                                                                  051952 1010

Act provides that "a limited liability company formed under this Chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until the cancellation of the limited liability company's Certificate of Formation." 6 *Del. C.* §18-201(b). Section 18-303 of the Delaware Limited Liability Act also specifically provides that the liabilities of the LLC "whether in tort, contract or otherwise" shall be the LLC's liabilities. 6 *Del. C.* §18-303. DDE's status as a limited liability company does not therefore give Wellman any claim against the parent companies, DuPont and Dow. For a general discussion of limited liability companies, see *Great Lakes Chem. Corp. v. Monsanto*, 96 F. Supp. 376 (D. Del. 2000), and *Elf Atochem North America v. Jaffari and Malek, LLC*, 727 A.2d 286 (1999).

## IV. ABSENT EXTRAORDINARY CIRCUMSTANCES NOT PRESENT HERE, A PARENT IS NOT LIABLE FOR THE EMPLOYMENT DECISIONS OF A SUBSIDIARY.

It is a fundamental tenet of American corporation law that parent and subsidiary corporations are independent entities. *Dole Food Co. v. Patrickson*, 539 U.S. 468 (2003). A parent is not liable for claims against a subsidiary simply because it owns or partially owns a subsidiary. *Id. See also Orova v. Northwest Airlines, Inc.*, No. 03-4296, 2005 U.S. Dist. LEXIS 1822 (E.D. Pa. Feb. 2, 2005). It is the Plaintiff's burden to sue the proper party. *Id.* at *6. One corporation is not liable for the debts of another even if they engage in activities for their mutual benefit. *Id.* A parent/subsidiary relationship between companies does not make one of them liable for the employment decisions of the other as the "alter ego" of the other, nor does it create joint employer status. *See United Telegraph Workers v. NLRB*, 571 F.2d 665, 667 (D.C. Cir. 1978).

Federal employment law decisions make clear that Plaintiff cannot establish a basis for disregarding DDE's separate legal identity. In *Marzano*, the Third Circuit Court of Appeals set forth the analysis applicable to claims that a parent company is liable for a subsidiary's alleged

6

employment discrimination. *Marzano* involved a pregnancy discrimination claim under New Jersey's state discrimination law. In *Marzano*, as in the present case, the plaintiff was undisputedly an employee of the subsidiary at the time of her termination but she advanced various arguments that the parent company should also be held liable. She claimed that: (1) she was initially hired by the parent company and did not realize she had become an employee of the subsidiary, (2) no one explained the change to her, (3) for a time she continued to receive paychecks from the parent, (4) she continued to participate in the parent's pension plan, (5) the subsidiary's maternity leave policy was based on information provided by the parent, and (6) she continued to interact with the parent in the course of her job duties. The court held that these facts were insufficient to justify piercing the corporate veil between the parent and its subsidiary.

The court first observed that a fundamental principle of New Jersey corporate law was that a corporation and its subsidiaries are separate entities and that in general shareholders are insulated from the corporation's liabilities.[4] The *Marzano* court followed the Fourth Circuit's decision in *Johnson*, in rejecting the plaintiff employee's attempt to "pierce the corporate veil." The *Johnson* court observed that situations in which a parent corporation is deemed to be the employer of its subsidiary's employees are "the exception" and that the "doctrine of limited liability remains the rule." 814 F. 2d at 981.

The *Johnson* court explained that to be liable for the acts of a subsidiary, the parent must exercise more control than is usually exercised by a parent corporation, and that courts pierce the corporate veil in the employment context "only in extraordinary circumstances." *Id.* The court relied on a four-factor test based on principles developed by the National Labor Relations Board

---

[4] The same principles are followed in Delaware. *See Pauley Petroleum, Inc. v. Continental Oil Co.,* 239 A.2d 629, 633 (Del. 1968) (as to corporations); *Thomas v. Hobbs,* No. 04C-02-010 RFS, 2005 Del. Super. Lexis 164 (April 27, 2005) (as to limited liability companies).

("NLRB") to determine the extent of control a parent has exerted over a subsidiary: "(1) the interrelation of operations (2) centralized control of labor relations (3) common management and (4) common ownership or financial control" and found no basis for holding the parent liable. *Id.* *See also Jackson v. National Football League,* No. 92 Civ. 7012 (RPP), 1994 U.S. Dist. LEXIS 8303, *13-14 (S.D.N.Y. 1994); *DuPont Dow Elastomers*, 332 NLRB at 1083 (rejecting alter ego claim involving DDE), (alter ego relationship exists between nominally separate entities only if they "have substantially identical management, business purpose, operations, equipment, customers and supervision, as well as ownership").

The United States District Court for the Eastern District of Pennsylvania followed *Marzano* in a recent decision rejecting a claim against a parent corporation for alleged employment discrimination by a subsidiary. In *Bennett v. Piccari Press, Inc.*, 95 Fair Empl. Prac. Cas. (BNA) 615 (E.D. Pa. 2005), an employee claimed that his employer's parent company was also his employer. The court disagreed, explaining that there was no evidence that the parent hired or fired the subsidiary's employees, shifted employees between itself and the subsidiary, or supervised the daily operations of the subsidiary. In addition, there was no evidence that the two companies commingled their funds or used the same workers or offices. Finally, the subsidiary was not severely undercapitalized, and there was no evidence of failure to observe corporate formalities. *See also Ziegler v. Delaware County Daily Times*, 128 F. Supp. 2d 790 (E.D. Pa. 2001).

Plaintiff cannot establish any of the factors required for ignoring the legal distinction between Dow and DDE. As noted above, an NLRB Administrative Law Judge has found that DDE controlled its own employment practices, including its labor relations policy and decisions. *Dupont Dow Elastomers*, 332 NLRB at 1083. DDE hired, fired, and supervised its own

8

employees, including Wellman, and managed its own daily operations. *Id.* DDE kept its funds separate and had its own offices, its own workforce and its own substantial assets. *Id.* The ALJ's findings were affirmed by the National Labor Relations Board. *Id.* at 1071.

The facts Wellman relies on here in support of her attempt to pierce the corporate veil are much weaker that those the *Marzano* court rejected as being an inadequate basis for holding a parent company liable for the employment decisions of a subsidiary. Wellman affirmatively alleges that she was employed by DDE at the time of the alleged harassment, while *Marzano* claimed she thought she was an employee of the parent. (A2, 4)  Indeed, Wellman does not contend that she was ever a Dow employee. (A14)  Further, DDE paid her salary and maintained a separate pension plan. *DuPont Dow Elastomers, L.L.C.*, 332 N.L.R.B. 1071, 1079-1081 (2000) (A24-25, 41-42) Wellman was supervised and managed by DDE employees while employed at DDE. (A4, A14) In fact, her contention in her companion case against DuPont is that she should have been allowed to "transfer back" to her former employment at DuPont, not to employment with Dow.

Accordingly, since DDE employed Plaintiff at all the times when she alleges she suffered discrimination, and there is no basis to "pierce the corporate veil" to hold Dow liable for the acts of DDE, Plaintiff's Complaint against Dow should be dismissed.

051952.1010

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint against Dow should be dismissed,

with prejudice.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Barry M. Willoughby (I.D. No. 1016)
Teresa A. Cheek (I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676; 6666
Facsimile: (302) 576-3286; 3345
E-mail: bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant, The Dow Chemical Company

Date: April 5, 2006

DB01.1992550 1                                             051952 1010