IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Debra-Ann Wellman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-280 (SLR) |
| | ) |
| THE DOW CHEMICAL COMPANY | ) |
| | ) |
| Defendant. | ) |

**<u>PLAINTIFF DEBRA-ANN WELLMAN'S ANSWER BRIEF IN SUPPORT OF</u>**

**<u>DENIAL OF DEFENDANT'S MOTION TO DISMISS</u>**

John M. Stull, Esq. (#568)<br>
1300 N. Market St., #700<br>
P. O. Box 1947<br>
Wilmington, DE 19899<br>
Ph. 302) 654-0399<br>
Attorney for Plaintiff<br>
jstullesq@aol.com

Dated:   April 28, 2006

## **NATURE AND STAGE OF THE PROCEEDINGS**

Complaint was filed on May 9, 2005, by Plaintiff Debra-Ann Wellman, pro se, seeking remedies under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. Section 2000e-5. Equitable and other relief are also sought under 42 U.S.C. Section 2000e-5(g). On April 5, 2006, Defendant The Dow Chemical Company, "Dow" filed a Motion to Dismiss as to The Dow Chemical Company on the basis that Wellman was not an employee of Dow. Contained in the Motion and Briefing are assertions denying any connection of Dow with any and all discriminatory acts suffered by Wellman on the basis that Wellman was not an employee of Defendant Dow. Further the Motion to Dismiss seeks to deny any inferences e that Dow has or had any management control or impact on actions of the management of DDE, otherwise known as DuPont Dow Elastamers. Further, no Discovery has been conducted and is now limited to document production. Any failure of proof or factual assertion to show that, Dow as a partner with DuPont to form a joint venture with DDE on the part of Defendant Dow, will have to rely on an action before the NLRB, 332 NLRB 1071, to indicate that Dow has admitted that it is jointly liable with Defendant DuPont Company as a partner in a joint venture labled DuPont Dow Elastomers "DDE," a limited liability company. The within Brief is Plaintiff's Response Brief filed April 28, 2006.

## SUMMARY OF ARGUMENT

  1. Plaintiff Debra-Ann Wellman ("Wellman") was employed first by DuPont, and then assigned to DDE. As a result of harassment on her job site at Tralee Park by one Paul Graves, she suffered a psychiatric medical condition which led to her being terminated from her work site. Although she sought a resolution via Human Resources within her job site, no accommodation of her harassment situation was made. As substantiated by her Psychiatric medical doctor, her employment was medically unsustainable under the level of harassment exhibited toward her by her DDE management.

  2. Wellman has documented her continual harassment thereby meeting her burden of establishing discrimination by her supervisor as to her sex and as to a hostile work environment. She has documented her medical condition by which she has been prevented from continuing an active career at DDE. Because no system of accommodation as to her sexual harassment was in place as required by <u>Suders v. Pennsylvania State Police DDE</u> he seeks liability under Title VII fro DDe as an employer.

  3. Because Dow is in joint partnership with DuPont under a an arrangement documented before the NLRB, Dow, as a 50% partner, would be required to contribute to any liability and judgment flowing therefrom, and is therefore a valid Defendant under this action.

## **STATEMENT OF FACTS**

Wellman suffered on-the-job effects of sexual harassment and a permanency of mental conditions due to harassment by DDE management personnel. A review of the NLRB decision noted above at 332 NLRB 1071, et. eq. will clearly indicate a 50% management involvement of both DuPont and Dow. The following factual recitations within this NLRB decision will show involvement of Dow as a participant and partner of the joint venture to indicate management and control of the operations that would negate assertions by Dow in its Motion to Dismiss that it had nothing to do with DDE's harassment of Wellman. These "control" details are as follows, referenced by citations to the NLRB decision:

 1. P. 1071: Both DuPont and Dow formed a joint venture, known as DDE. DDE was privileged to set initial terms and conditions of employment for unit employees.

 2. P. 1079: DDE is global enterprise, 50 percent owned and controlled by the Dow Chemical Company and formed, concededly for legitimate business reasons, and utilizes Dow's patented "Insite" technology. Dow also contributed its locations to the joint venture at sites in Freeport, TX, Plaquemine, LA and Stodd, Germany.

 3. P. 1080: These basic factual items are repeated again with the addition that the LLC "DDE" is taxed like a partnership, but enjoys the liability protection of a corporation. This reference does not insulate Dow from the requirement of contribution to the partnership, if required to meet expenses or keep the venture solvent. As a result, both Dow and DuPont share profits on a 50-50 basis.

 4. P. 1081: The original plant manager at Louisville, a DuPont employee died. The successor was Mike Sticklen, a Dow official.

5. P. 1084: Although the purpose of the joint venture was for legitimate business reasons, an LLC as operated does not exist to conduct employment processes and management in violation of federal law. If so done, Dow, along with DuPont would share in the costs of any such violations under Title VII.

## ARGUMENT

**I. Under Title VII, 42, U.S.C Section 2000e-ERISA, sexual harassment subjects the employer to strict liability without recourse to affirmative defenses where evidence of termination of employment can be shown by a preponderance of the evidence to be the result of harassment by a supervisor.**

1. Defendant DDE, by its continuation of support of Paul Graves has established itself as an employer having direct, strict liability for an employment discrimination act in violation of 42 U.S.C. Section 2000e, et.seq. ("Title VII"). As a result of the act and supervisory control of the situation by Graves, resulting in Wellman's breakdown and termination of employment due to such job-inflicted disability and emotional instability resulting thereby, and sanctioned by allowing such events to continue with knowledge of the DDE management, has created a strict liability for DDE, such as to deny its legal position the benefit of an affirmative defense. See <u>Suders v. Easton</u>, 325 F.3d 432 (3rd. Cir.2003).

In point of fact, DDE has not shown facts to establish any affirmative defense. Therefore, no such defense can be mounted at this stage of the proceedings, and Wellman's factual claims can be shown to be provable. The only remaining issue is whether, by the preponderance of the evidence, in such an employment discrimination action, Wellman will prevail before the jury. As

shown by the NLRB material, Wellman has claims against DuPont and Dow.  Her treating psychiatrist indicates the actions of Graves the inaction and sanctioning of his actions by the DDE management personnel have cause her sever damages.  See Desert Palace, Inc. v. Costa, 539 U.S. _____, (No. 02-679,  6/9/03) wherein the amending provisions of the 1991 Civil Rights Act removed the need for direct evidence in a "mixed-motive" case.  The provision at 42 U.S.C. Section 2000e-2(m) allows circumstantial evidence to prove the illegal employment action.  Where, as here, sex was a motivating factor in the termination of employment, even though there were other factors, DDE can rely on only limited affirmative defense if it can show that Wellman's employment termination would have been taken anyway.

However, in this case, Wellman was not terminated from employment due to her resignation, but instead due to her disability caused by none other than a breakdown after continual pressure and sexual harassment of Paul Graves, her supervisor.  As per the Suders case, Wellman has suffered a constructive discharge by undergoing sexual harassment or discrimination so intolerable that a reasonable person in the same position would have felt compelled to resign, or be forced to leave employment altogether, and that the action or failure to bear up under the on-going discrimination was reasonable.  Her tolerance of a hostile work environment was stretched to the limit and she suffered an emotional and nervous breakdown.  As a result of the supervisory position of Paul Graves in creating this situation, DDE has no affirmative defense.

Since a constructive discharge is a "tangible employment action," the employer Delmar is precluded altogether from asserting any affirmative defense.  See Suders, at 447-449.

**II. Plaintiff Wellman can show under any reasonable interpretation of the events of her leaving employment that she suffered a constructive discharge due to her disability and her sexual harassment by her supervisor.**

Based on the provable and established facts and relevant documents which authenticity will be shown as uncontested, via her treating physician work mates and friends, Wellman has shown, and could show at trial, no other result that the continual and effective harassment of her on the job has resulted in her loss of job, satisfaction of working, and economic loss due to DDE's failure to prevent Graves' continual disparagement of her, her work performance and her female being, at her work site.

## CONCLUSION

For the above reasons and case authority, Plaintiff Wellman requests that her disability qualification and job loss be attributed to DDE, DuPont and Dow via its supervisory employee Paul Graves, and the Court grant a Summary Judgment Motion of Plaintiff and denial of Defendant Dow's Motion to Dismiss, based on her recognizable constructive discharge, with all the attendant circumstances, and her right to damages as permitted by Title VII, and for such other and further relief as the Court deems proper and necessary in the premises.

                                                Respectfully submitted,

                                                /s/ JOHN M. STULL
                                                John M. Stull, Esq. (Del.Bar #568)
                                                1300 N. Market Street, Ste 700
                                                P. O. Box 1947
                                                Wilmington, DE 19899
                                                Ph. 302) 654-0399
                                                Attorney for Debra-Ann Wellman
Dated:  April 28, 2006                   jstullesq@aol.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT April 28, 2006, I electronically filed a true and correct copy of the foregoing Plaintiff's Response Brief in Support of Denial of Defendant Dow Chemical Company's Motion to Dismiss Dow as a Defendant in the within matter, using CM/ECF, with the Clerk of District Court to allow service on counsel for Dow at:

BARRY M. WILLOUGHBY, ESQ.
YOUNG CONAWAY STARGATT 7 TAYLOR. LLP
THE BRANDYWINE BUILDING
1000 WEST STYREET, 17TH FLOOR
P.O.BOX 391
WILMINGTON, DE 19899-0391

      /s/ JOHN M. STULL
      JOHN M. STULL
      1300 N. MARKET ST., STE 700
      WILMINGTON, DE 19801

Dated: April 28, 2006