IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-280-SLR |
| | ) |
| THE DOW CHEMICAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY BRIEF
### IN SUPPORT OF ITS MOTION TO DISMISS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (Bar I.D. 1016)
Teresa A. Cheek, Esquire (Bar I.D. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Attorneys for Defendant, The Dow Chemical Company

Date: May 8, 2006

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

ARGUMENT ........................................................................................................................ 1

   I.   ONLY DDE, PLAINTIFF'S EMPLOYER, CAN BE HELD LIABLE FOR ALLEGED ACTS OF DISCRIMINATION UNDER TITLE VII OR THE ADA. ................................................................................................... 1

   II.  UNDER THE DELAWARE LIMITED LIABILITY ACT, DOW IS NOT RESPONSIBLE FOR THE DDE'S LIABILITIES. ...................................... 1

   III. ABSENT EXTRAORDINARY CIRCUMSTANCES NOT PRESENT HERE, A PARENT IS NOT LIABLE FOR THE EMPLOYMENT DECISIONS OF A SUBSIDIARY. ................................................................. 2

CONCLUSION ..................................................................................................................... 3

DB01:2086437 1    051952.1010

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Bennett v. Piccari Press, Inc.,
   95 Fair Empl. Prac. Cas. (BNA) 615
   (E.D. Pa. 2005)............................................................................................. 2

Marzano v. Computer Science Corp.,
   91 F. 3rd 497 (3d Cir. 1996) ......................................................................... 2

United Telephone Workers v. NLRB,
   571 F.2d 665 (D.C. Cir. 1978) ...................................................................... 2

**Other Authorities**

6 Del. C. § 18-101 .................................................................................................. 1

6 Del. C. § 18-303 ............................................................................................... 1, 2

## ARGUMENT

### I. ONLY DDE, PLAINTIFF'S EMPLOYER, CAN BE HELD LIABLE FOR ALLEGED ACTS OF DISCRIMINATION UNDER TITLE VII OR THE ADA.

Defendant's Opening Brief pointed that only an "employer" is liable under Title VII of the Civil Rights Act of 1964 or the American With Disabilities Act for alleged employment discrimination. Plaintiff's Answering Brief does not dispute that this is the case.

Ms. Wellman also now concedes that all of the individuals she claims harassed her were employed by DDE at the time of the alleged harassment. Accordingly, since Dow Chemical was never Plaintiff's employer, and Plaintiff has alleged no basis to otherwise hold Dow responsible for the alleged acts of discrimination at her employment with DDE, Dow's Motion to Dismiss should be granted.

### II. UNDER THE DELAWARE LIMITED LIABILITY ACT, DOW IS NOT RESPONSIBLE FOR THE DDE'S LIABILITIES.

Defendant's Opening Brief pointed out that DDE is a limited liability company formed under the Delaware Limited Liability Company Act, 6 Del. C. § 18-101, et seq. The statute provides that a limited liability company is treated for liability purposes like a corporation, a point Plaintiff concedes at page 3 of her Answering Brief.

Defendant also pointed out that the Delaware Limited Liability statute specifically provides that liabilities of an LLC "whether in tort, contract, or otherwise" shall be the LLC's liabilities. 6 Del. C. § 18-303. Plaintiff makes no attempt to explain why the liability protections set forth in 6 Del. C. § 18-303 are not applicable here. Her Answering Brief asserts, inaccurately, that DDE was a "joint partnership," (Answering Brief at page 2). The undisputed record, however, shows that DDE is in fact a limited liability company formed in accordance

1

with Delaware law. (A 19-20). DDE is therefore entitled to the liability limitations set forth in 6 Del. C. § 18-303.

### III. ABSENT EXTRAORDINARY CIRCUMSTANCES NOT PRESENT HERE, A PARENT IS NOT LIABLE FOR THE EMPLOYMENT DECISIONS OF A SUBSIDIARY.

Dow's Opening Brief pointed out that a fundamental tenent of American Corporation Law is that parent and subsidiary corporations are independent entities. A parent is not liable for the claims against a subsidiary simply because it owns or partially owns it. The rule applies with equal force to employment decisions. See United Telephone Workers v. NLRB, 571 F.2d 665-667 (D.C. Cir. 1978).

Defendant also pointed out that there is no basis for Plaintiff to "pierce the corporate veil" to hold Dow liable as a parent corporation for DDE's debts. Plaintiff's Answering Brief does attempt to respond to this argument, nor identify any basis on which the Court could ignore DDE's corporate form to hold Dow responsible. See Marzano v. Computer Science Corp., 91 F.3rd 497 (3d Cir. 1996); Bennett v. Piccari Press, Inc., 95 Fair Empl. Prac. Cas. (BNA) 615 (E.D. Pa. 2005).

Since Plaintiff has failed to allege any extraordinary circumstances sufficient to "pierce the corporate veil," Dow's Motion to Dismiss should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against The Dow Chemical Company should be dismissed, with prejudice.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby (I.D. No. 1016)
Teresa A. Cheek (I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676; 6666
Facsimile: (302) 576-3286; 3345
E-mail: bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant, The Dow Chemical Company

Date: May 8, 2006

DB01:2086437.1         051952.1010

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006, I electronically filed a true and correct copy of the foregoing Defendant's Reply Brief In Support Of Its Motion To Dismiss with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> John M. Stull, Esquire
> 1300 North Market Street, Suite 700
> P.O. Box 1947
> Wilmington, DE 19899

I further certify that on May 8, 2006, I caused a copy of the foregoing Defendant's Reply Brief in Support Of Its Motion To Dismiss to be served by hand-delivery on the following counsel of record:

> John M. Stull, Esquire
> 1300 North Market Street, Suite 700
> P.O. Box 1947
> Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant

Dated: May 8, 2006