# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BARRY M. WILLOUGHBY
DIRECT DIAL: (302) 571-6666
DIRECT FAX: (302) 576-3345
bwilloughby@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

January 17, 2007

VIA CM/ECF
The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

    Re: Debra Ann Wellman vs. DuPont Dow Elastomers, LLC
          C.A. No: 05-278
          Debra Ann Wellman v. The Dow Chemical Company
          C.A. No. 05-280

Dear Judge Robinson:

    This is to update the Court on the status of discovery in advance of the conference scheduled for January 19, 2007 at 9:00 a.m. in the above-referenced matters.

    Plaintiff has appeared for her deposition. Accordingly, it will not be necessary for the Court to address that issue. Several other discovery matters, however, remain outstanding. Plaintiff has failed to file her Disclosures pursuant to Rule 26(a) as required by the Court's Scheduling Order. Plaintiff has also failed to provide full answers and responses to Defendant's First and Second Sets of Interrogatories. She has not filed a Response to Defendant's Request for Production of Documents, although her counsel has informally produced various documents he believes are responsive to Defendant's requests.

    Of particular significance is Plaintiff's refusal to appear for an Independent Medical Examination ("IME") requested by Defendant. Defendant has identified an expert witness in psychiatry, Dr. Neil Blumberg, to conduct an IME and prepare a report in accordance with FRCP 35. Dr. Blumberg is a Board Certified Psychiatrist who has conducted IME's in other cases in this District. I have contacted Plaintiff's counsel on numerous occasions in an effort to obtain voluntary compliance with Defendant's request for an IME. Ms. Wellman's refusal to agree to an IME is apparently based on her belief that her previous examination by several independent physicians when she left employment with DDE in February of 2002 satisfies her obligation under the rules. Of course, that testing was for the purpose of determining Plaintiff's mental condition and her ability to work at that time.

    Ms. Wellman has put her medical and mental condition in issue, however, by filing a claim against DDE. She contends, among other things, that she suffered emotional distress. In addition, Ms. Wellman's mental condition is also relevant to the liability issues. Based on the medical documentation and her deposition testimony, Defendant believes that

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
January 17, 2007
Page 2

Plaintiff's psychological condition prevents her from accurately perceiving reality. An IME is therefore appropriate under FRCP 35.

      In an effort to formalize and narrow the issues, Defendant has filed today a Motion to Compel Discovery setting forth the specific interrogatories that have not been adequately answered, seeking relief for Plaintiff's failure to file Rule 26 disclosures and a Response to Defendant's Request for Production, together with a request for an Order directing Plaintiff to appear for an IME.

      Respectfully,

      /s/ *Barry M. Willoughby*
      Barry M. Willoughby
      I.D. #1016

BMW:mmcmi
cc: John M. Stull, Esquire (via CM/ECF)

DB01:2269377.1      051952.1010