IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-280-SLR |
| | ) |
| THE DOW CHEMICAL COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of March, 2007, having reviewed defendant's motion to dismiss, and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 15) is granted, for the reasons that follow:

1. **Introduction.** On May 9, 2005, plaintiff Debra-Ann Wellman ("plaintiff") filed a complaint, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, against defendant The Dow Chemical Company ("Dow"). In her pro se complaint, plaintiff asserted that Dow discriminated against, retaliated against, and harassed her because of her sex and disability. As a filing prerequisite and statement of the facts of her claim, plaintiff relied on the charge of discrimination she filed with the Equal Employment Opportunity Commission against Dow. (D.I. 1) Dow has filed a motion to dismiss, asserting that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The court has jurisdiction to consider the pending motion pursuant to 28 U.S.C. § 1331.

2. In its motion to dismiss, Dow asserts that plaintiff was never a Dow employee, a contention consistent with plaintiff's pleadings. (D.I. 1, ¶ 4)[1] Dow further argues that, as a matter of law, only an employer may be liable under Title VII and, "absent extraordinary circumstances, an employee may not pierce the corporate veil to hold a parent company responsible for the employment decisions of [a] subsidiary." (D.I. 17 at 1) According to Dow, plaintiff has not alleged in her complaint the kind of "extraordinary circumstances" contemplated by the Third Circuit and, therefore, the complaint is legally insufficient and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

3. **Standard of Review**.[2] In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot

---

[1] On May 9, 2005, plaintiff filed two other complaints relating to the same conduct as that at issue. In all three complaints, plaintiff has consistently listed "DuPont Dow Elastomers Joint Venture" as her employer. See Wellman v. DuPont Dow Elastomers LLC, Civ. No. 05-278-SLR (D.I. 1, ¶ 4); Wellman v. The DuPont Company, Civ. No. 05-279-SLR (D.I. 1, ¶ 4).

[2] The court notes that, in support of its motion to dismiss, Dow has relied on documents outside the pleadings. (D.I. 17, 25) Given the nature of the documents and the fact that plaintiff has neither contested their authenticity nor requested follow-up discovery, the court will treat the motion as a motion to dismiss, rather than as a motion for summary judgment.

demonstrate any set of facts that would entitle her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

4. **Facts.** DuPont Dow Elastomers LLC. ("DDE") was formed on April 1, 1996 pursuant to the Delaware Limited Liability Company Act as a joint venture between E.I. DuPont de Nemours & Company ("DuPont") and Dow. (D.I. 25 at A 14, A 20) Upon its formation, DDE had its own employees and its own Human Resources Department; was responsible for its own labor relations; had its own separate offices, buildings, plants, and facilities; and produced its own products. (Id. at A 22-32) DDE was considered by the N.L.R.B. as a "successor employer" to DuPont and Dow. See DuPont Dow Elastomers L.L.C., 332 N.L.R.B. 1071 (2000).[3]

5. Plaintiff was employed by DuPont before accepting an offer of employment with DDE. Effective April 1, 1996, plaintiff became an employee of DDE, was paid by DDE, was supervised by DDE employees, and was terminated from employment by DDE. (Id. at A 14 - A 117; D.I. 1, ¶ 4)

6. **Analysis.** Plaintiff does not dispute the above recited facts in either her complaint or in her responsive papers. Her request that Dow be held responsible for the conduct at issue was given a legal characterization by appointed counsel (i.e., "pierce the corporate veil"), but plaintiff has not alleged any facts in support of this extraordinary remedy. Under Delaware law, a limited liability company formed under the Delaware Limited Liability Company Act is treated for liability purposes like a

---

[3] The court notes that the N.L.R.B. declined to pierce the corporate veil in the context of the labor dispute at issue in DuPont Dow Elastomers L.L.C., 332 N.L.R.B. at 1083-84.

3

corporation. 6 Del. C. § 18-303. The United States Court of Appeals for the Third Circuit has held that, where the employee of a subsidiary corporation has filed suit under Title VII against a parent corporation, the parent corporation should be deemed an "employer[] only in extraordinary circumstances," e.g., where the parent company dominates its subsidiary. <u>Marzano v. Computer Science Corp., Inc.</u>, 91 F.3d 497, 513-14 (3d Cir. 1996). The record indicates that plaintiff was employed by DDE at all relevant times; there is no record support for the proposition that Dow was involved in the operations of DDE to any extent, let alone the extent necessary to justify piercing the corporate veil.

7. **Conclusion.** Given plaintiff's failure to allege any facts inconsistent with her employment status with DDE, an independent corporation under Delaware law, her complaint against Dow is legally insufficient and, therefore, is dismissed.

_____
United States District Judge